IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| HANK'S SPECIALTIES, INC., a Minnesota corporation, for the use and benefit of the United States of America, | ) ) ) ) | CASE NO. 8:07CV13 |
| Plaintiff, | ) ) | MEMORANDUM AND ORDER ADOPTING REPORT AND |
| V. | ) ) | RECOMMENDATION |
| WALSH CONSTRUCTION, Company, an Illinois corporation, | ) ) ) | |
| Defendant. | ) ) | |

This matter is before the Court on the Report and Recommendation filed by United States Bankruptcy Judge Thomas L. Saladino, recommending that this Court withdraw its reference to bankruptcy. For the reasons briefly outlined below, the Court will adopt the Report and Recommendation.

**Factual Background**

Defendant Walsh Construction Company ("Walsh") was awarded a contract to perform construction work on a barracks project at Fort Riley, Kansas. Walsh subcontracted certain flooring work to Floors & More in October 2005. In turn, Floors & More contracted with Hank's Specialities, Inc., to purchase materials and labor for the job.

On October 30, 2006, Floors & More filed a Chapter 7 bankruptcy petition in the District of Nebraska. Richard D. Myers was appointed trustee of the bankruptcy estate. Floors & More owes money to Hank's Specialities, and the Chapter 7 trustee believes Walsh owes money to Floors & More. The trustee filed this lawsuit to collect the amount due from Walsh, alleging a breach of contract. In its answer, Walsh demanded a jury trial.

This matter was presented to the bankruptcy court on the motion for withdrawal of reference filed by Walsh, to which the Trustee objected. Judge Saladino conducted a hearing on October 9, 2007. In a separate order, Judge Saladino determined that Walsh is entitled to a jury trial on the breach-of-contract issue, and, because Walsh does not consent to a jury trial conducted by a bankruptcy judge, the reference of this action should be withdrawn so that the matter may be tried to a jury in the district court.

Based on these findings, Judge Saladino recommended that the reference of this adversary proceeding be withdrawn, and the case returned to the United States District Court for the District of Nebraska for such further proceedings as are necessary. No objections to the report and recommendation have been filed.

**Analysis**

Although there is no objection to the Report and Recommendation, the Court has conducted a *de novo* review of the record pursuant to 28 U.S.C. § 157(c)(1) and NEGenR 1.5 (b). Because the Court finds that Judge Saladino fully, carefully, and correctly applied the law to the facts, the Court adopts the Report and Recommendation in its entirety. See *In re Ragar*, 3 F.3d 1174, 1178, n.3 and 4 (8th Cir. 1993).

The Court also notes that in a separate action, Hank's Specialities has sued Walsh to recover on a payment bond. This Court transferred that case, which was docketed under this case number 8:07CV13, to the District of Kansas. Because the Court finds that the pending action by the Trustee on behalf of the bankruptcy estate against Walsh is only tangentially related to the action commenced by Hank's Specialties against Walsh, the Court will ask the clerk to assign a separate case number to this action upon its return to district court. Then, the Court will resolve, upon the proper motion or the parties'

stipulation, whether Walsh's request that this case be transferred to the District of Kansas should be granted, and, if necessary, whether the cases should be consolidated for pretrial management or trial.  Accordingly,

IT IS ORDERED:

1. The Report and Recommendation by United States Bankruptcy Judge Thomas Saladino  (Filing No. 18) is adopted in its entirety;

2. The reference made pursuant to 28 U.S.C. § 157(a) of the action commenced by the Trustee for the bankruptcy estate against Walsh Construction Company is withdrawn pursuant to 28 U.S.C. § 157(d) and(e);

3. The clerk of the district court is directed to assign a new case number for this action upon receipt, from the clerk of the bankruptcy court, of those portions of the bankruptcy or adversary file necessary for the district court proceeding.

DATED this 3rd day of December, 2007.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge